IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:08-cr-00338-LJO |
| Plaintiff/Respondent, | **ORDER ON RECONSIDERATION OF PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 82) |
| vs. | |
| DANIEL SALINAS, | |
| Defendant/Petitioner. | |

## I. INTRODUCTION

Petitioner Daniel Salinas ("petitioner"), appearing pro se, seeks reconsideration of this Court's order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). Prior to filing his motion for reconsideration, petitioner filed a notice of appeal. Because petitioner filed a notice of appeal prior to filing his motion for reconsideration, this Court lacks jurisdiction to consider the motion for reconsideration. Accordingly, this Court DISMISSES petitioner's motion for reconsideration.

## II. BACKGROUND

On December 9, 2011, this Court denied petitioner's section 2255 motion and a certificate of appealability ("COA"). (Doc. 78). On February 7, 2012, petitioner filed a notice of appeal, in which he appealed the denial of his section 2255 motion and COA. (Doc. 79). On February 16, 2012, petitioner filed the instant motion for reconsideration, pursuant to Fed. R. Civ. P. 60(b), in which he

raises five arguments. (Doc. 82). First, petitioner contends that this Court violated his due process rights by failing to order the government to file a response to his section 2255 motion. Second, he argues that this Court violated his due process rights and procedurally erred by failing to order the government to file a counter affidavit regarding the Court's jurisdiction to take his guilty-plea and whether petitioner was indicted by a "de facto" district court. Third, petitioner asserts that this Court violated his due process rights by failing to order the government to obtain an affidavit from petitioner's trial counsel regarding petitioner's ineffective assistance of counsel claims. Fourth, petitioner maintains that this Court violated his due process rights and acted inconsistently with Fed. R. Civ. P. 15(a) when it construed petitioner's request for judicial notice as a motion for leave to amend without granting petitioner time to file his motion for leave to amend. Finally, petitioner argues that the Court violated his due process rights and the Federal Rules of Civil Procedure by sua sponte denying him a COA without first giving him the opportunity to be heard.

## III. DISCUSSION

In the Ninth Circuit, the "filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). When a Fed. R. Civ. P. 60(b) motion is filed in district court after a notice of appeal has been filed, "the district court lack[s] jurisdiction to entertain the Rule 60(b) motion . . ." *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004); *see Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004); *Carriger v. Lewis*, 971 F.2d 329, 332 (9th Cir. 1992). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Williams*, 384 F.3d at 586 (internal quotation marks omitted); *see Carriger*, 971 F.2d at 332 ("Carriger should have filed a motion asking the district court to indicate its willingness to entertain his Rule 60(b) motion."). Where an appellant does not follow this procedure, a district court's order on the Fed. R. Civ. P. 60(b) motion is void for lack of jurisdiction. *See Katzir Floor*, 394 F.3d at 1148 (vacating district court's order denying a post-notice of appeal Fed. R. Civ. P. 60(b) motion where procedure not followed); *Williams*, 384 F.3d at 586 (same); *Carriger*, 971 F.2d at 332 (same).

Here, petitioner filed a Fed. R. Civ. P. 60(b) motion for reconsideration after filing a notice of

appeal and has not followed the Ninth Circuit procedure for revesting this Court with jurisdiction.[1] Accordingly, this Court lacks jurisdiction to consider petitioner's motion for reconsideration. *See Katzir Floor*, 394 F.3d at 1148; *Williams*, 384 F.3d at 586; *Carriger*, 971 F.2d at 332.

This Court DISMISSES petitioner's motion for reconsideration.

**IV. CONCLUSION AND ORDER**

For the reasons discussed above, this Court DISMISSES petitioner's motion for reconsideration.

IT IS SO ORDERED.

**Dated:  February 28, 2012**            /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

---

[1] Even if petitioner would have followed the Ninth Circuit procedure for revesting this Court with jurisdiction, the Court would not wish to entertain the motion.